**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN LUKASZEWSKI and JAMES**
**D. GROSSI,**

                             **Plaintiffs,**

                     v.                               1:08-CV-483
                                                      (FJS/RFT)

**COUNTY OF ULSTER (State of New York),**

                             **Defendant.**
_____

**APPEARANCES**                               **OF COUNSEL**

**BLUSTEIN, SHAPIRO, RICH**         **BURT J. BLUSTEIN, ESQ.**
**& BARONE, LLP**
90 Crystal Run Road
Suite 409
Middletown, New York 10941
Attorneys for Plaintiffs

**ROEMER WALLENS & MINEAUX LLP**    **EARL T. REDDING, ESQ.**
13 Columbia Circle
Albany, New York 12203
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiffs John Lukaszewski and James D. Grossi filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216, and New York Civil Service[1] Law § 134

---

[1] Although elsewhere in the complaint Plaintiffs refer to New York Civil Rights Law
                                                                       (continued...)

for compensatory damages, liquidated damages and attorneys fees[2] based on unpaid overtime wages against their employer, Defendant County of Ulster's Department of Highways and Bridges.

Currently before the Court is Defendant's motion to dismiss the complaint on the following grounds: (1) statute of limitations; (2) failure to allege involvement in interstate commerce; (3) failure to allege the number of hours worked and in what weeks with the requisite specificity; and (4) New York Civil Service Law § 134 does not apply to Plaintiffs as municipal employees.

## II. BACKGROUND

Plaintiff Lukaszewski is an employee of Defendant's Department of Highway and Bridges and has served in various capacities including Field Operations Supervisor and Sections Supervisor. Plaintiff Lukaszewksi alleges a total of 3,346.5 uncompensated overtime hours accrued from January 1, 1995, through December 31, 2006. At a one-and-a-half-time hourly rate, he alleges he is due 5,019.75 hours of compensation, for which he has been paid for 2,155.50 hours in compensatory time, leaving 2,864.25 hours of compensation unpaid.

---

[1](...continued)
§ 134, paragraph four of the complaint clearly refers to New York Civil Service Law § 134. Since New York Civil Rights Law does not include a § 134, the Court will construe the references to the Civil Rights Law in the complaint as references to the Civil Service Law.

[2] Plaintiffs' complaint, organized by remedy rather than cause of action, contains the following "causes of action" for each Plaintiff: (1) compensatory damages for unpaid overtime under the FLSA, 29 U.S.C. § 216(b), and N.Y. Civ. Serv. Law § 134; (2) liquidated damages in the same amount as the compensatory damages under the FLSA, 29 U.S.C. § 216(b); and (3) attorney's fees and costs under the FLSA, 29 U.S.C. § 216(b).

Plaintiff Grossi is also an employee of Defendant's Department of Highway and Bridges, serving as Sections Supervisor.  Plaintiff Grossi alleges a total of 2,275 uncompensated overtime hours accrued from October 15, 1995, through January 20, 2001.  At a one-and-a-half-time hourly rate, he alleges he is due 3,412.5 hours of compensation for which he has been paid for 1,575 hours as compensatory time, leaving a total of 1,837.5 hours of compensation unpaid.

Both Plaintiffs allege that the overtime was accrued at the specific interest and request of Defendant, that they have demanded compensation, and that Defendant has failed and refused to compensate them according to law.

### III.  DISCUSSION

#### A. Standard of review

Under Rule 12(b)(6), "[a] complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'"  *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  The court must draw inferences in favor of the non-moving party.  *See State of N.Y. v. Oneida Indian Nation of N.Y.*, No. 1:95-CV-554, 2007 WL 2287878, *3 (N.D.N.Y. Aug. 7, 2007) (citation omitted).  The court may consider the facts alleged in the complaint, "as well as 'documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit.'"  *Patane*, 508 F.3d at 112 (quoting *Rothman*, 220 F.3d at 88 [(2d Cir. 2000)]).

**B.     Statute of limitations**

Defendant asserts that FLSA claims have a two year (three year for willful violations) statute of limitations and arise at each pay day following the work period for which overtime compensation is claimed.  Accordingly, Defendant argues that the Court should dismiss Plaintiff Lukaszewski's claims for overtime pay accruing prior to May 5, 2006,[3] and should dismiss all of Plaintiff Grossi's claims.[4]  Finally, Defendant argues that, even if Plaintiffs' two contractual extensions are valid, those extensions state that Plaintiffs' claims expired December 31, 2007; and, therefore, Plaintiffs' claims are not timely.

The statute of limitations for FLSA claims is three years for willful violations and otherwise two years.  See 29 U.S.C. § 255(a).  A court may dismiss a complaint that alleges violations for pay periods beyond the three-year limit at the motion-to-dismiss stage. *See Franklin v. N.Y. Law Publ'g Co.*, No. 95 Civ. 1024, 1995 U.S. Dist. LEXIS 9556, *2 (S.D.N.Y. July 11, 1995).

In opposition to Defendant's motion, Plaintiffs submitted affidavits and other documents.  The Court, however, declines to treat this motion as a motion for summary judgment and finds that, because Plaintiffs' affidavits are beyond the pleadings, they must be excluded.  See Fed. R. Civ. P. 12(d).  Further, although the memoranda regarding compensation for the overtime was in Plaintiffs' possession, a reading of the complaint does not indicate that they relied upon those memoranda to draft their complaint.  Accordingly, the Court also excludes those documents from

---

[3] Plaintiffs filed their complaint on May 5, 2008.

[4] Plaintiff Lukaszewksi alleges unpaid compensation up to December 31, 2006, and Plaintiff Grossi alleges unpaid overtime compensation up to January 20, 2001.

-4-

consideration for purposes of this motion.

Finally, the Court finds that it lacks sufficient information to decide the statute-of-limitations issue at this time.[5]  Given Plaintiffs' argument concerning contractual waiver and extension or tolling of the statute of limitations, the Court finds that it is more appropriate to consider this issue when the Court has before it a more fully developed record and appropriate exhibits.  Accordingly, the Court, without making any findings regarding the statute-of-limitations issue, denies Defendant's motion to dismiss on this ground without prejudice.

**C.   Interstate commerce**

Defendant asserts that, under the FLSA, a plaintiff must allege involvement in interstate commerce and that the failure to make such an allegation should result in dismissal.  Defendant further asserts that the allegation that Plaintiffs are employees of Defendant's Department of Highways and Bridges is insufficient to allege involvement in interstate commerce.

An element of an FLSA claim is that the defendant is involved in interstate commerce. *See Velez v. Vassallo*, 203 F. Supp. 2d 312, 330 (S.D.N.Y. 2002).  Plaintiffs allege that they were employees of Defendant's Department of Highway and Bridges.  Employees involved in the maintenance, repair, or improvement of instrumentalities of commerce, including highways and bridges, including actual work, office work, and work on contracts and projects for such work, are all sufficiently related to interstate commerce legally to be a part of that commerce.  *See* 29 C.F.R. § 776.11 (a)-(b).  The Court finds that Plaintiffs' allegations that they worked for

---

[5] Additionally, the complaint is not clear whether Plaintiffs are alleging willful violations or not.

Defendant's Department of Highway and Bridges are sufficient to plausibly support the FLSA's interstate-commerce requirement. Accordingly, the Court denies Defendant's motion to dismiss on this ground.

### D.  Specificity of pleadings

Defendant asserts that an FLSA complaint must state the workweeks for which compensation is claimed and the number of hours worked per week to allow the preparation of responsive pleadings. Defendant contends that Plaintiffs' failure to do so should result in dismissal.

Although there is no dispute that Plaintiffs will have to prove that they worked overtime hours, Defendant, relying on *Broughton v. Atl. Co.*, 47 F. Supp. 850, 851 (D. Ga. 1942), contends that Plaintiffs must plead every week for which they claim overtime payment is due and the number of hours worked in that week. Initially, the Court notes that, in *Broughton*, the court granted a motion for a more definite statement and not a motion to dismiss. *See Broughton*, 47 F. Supp. at 851. Furthermore, the Court declines to follow *Broughton* and, instead, finds that Plaintiffs have alleged sufficient facts to establish a plausible FLSA claim. To require Plaintiffs to plead every work week and the number of hours worked in each of those weeks is contrary to both the letter and the spirit of Rule 8(d)'s requirement that pleadings be "concise and direct" and Rule 8(a)(2)'s requirement that each claim should be a "short and plain statement of the claim." *See* Fed. R. Civ. P. 8. Plaintiffs' complaint provides adequate notice of their claim to Defendant. Therefore, the Court denies Defendant's motion on this ground.

**E.     New York Civil Service Law claim**

Plaintiffs seek to bring a cause of action based on New York Civil Service Law § 134, titled "Work week of *state officers and employees* . . . ." *See* N.Y. Civ. Serv. Law § 134 (emphasis added). The statute appears in Article VIII of the Civil Service Law, titled "Classification and Compensation of *State Employees*." *See* N.Y. Civ. Serv. Law Art. VIII (emphasis added). The statute defines its scope by stating "[f]or all *state officers and employees*, other than officers and employees of the legislature and the judiciary and other than those who shall be excluded pursuant to the rules and regulations hereafter mentioned . . . ." *See* N.Y. Civ. Serv. Law § 134(1) (emphasis added).

The New York Court of Appeals has rejected the idea that provisions in the Civil Service Law, which group state employees together with all employees in the state rendering public service, have the effect of "mak[ing] employees of civil divisions of the State [into] State employees . . . ." *In re Miller v. New York*, 279 N.Y. 74, 79-80 (1938). Further, provisions of Article VIII of the Civil Service Law do not embrace municipal employees. *See Ryan v. Adler*, 51 Misc. 2d 816, 817 (N.Y. Sup. Ct. Westchester County 1966) (holding sections 115 and 131 of the Civil Service Law are part of Article VIII and do not apply to employees of the City of Yonkers); *see also Green v. Bala*, 57 A.D.2d 1041, 1041 (4th Dep't 1977) (holding that section 115 of the Civil Service Law applies only to employees of the state and not to employees of the City of Lackawanna); *Alesi v. Procaccino*, 47 A.D.2d 887, 888 (1st Dep't 1975) (holding that section 115 of the Civil Service Law only applies to state employees and not to City of New York employees).

Accordingly, the Court finds that § 134 of New York Civil Service Law by its own terms

and by its inclusion in Article VIII of the Civil Service Law only applies to state employees and not local employees, such as county or municipal employees.[6] Accordingly, Plaintiffs, as employees of Defendant County of Ulster and not of the State of New York, cannot maintain an action pursuant to New York Civil Service Law § 134. Therefore, the Court grants Defendant's motion to dismiss Plaintiffs' § 134 claims with prejudice.[7]

## IV.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**; and the Court further

**ORDERS** that Plaintiffs' New York Civil Service Law claims are **DISMISSED** with prejudice; and the Court further

**ORDERS** that Defendant's motion to dismiss is otherwise **DENIED**; and the Court further

---

[6] The Court notes that, contrary to Plaintiffs' suggestion, this finding does not mean that the entirety of the Civil Service Law is inapplicable to subdivisions of the state.

[7] Plaintiffs' counsel has represented to the Court that Plaintiffs intend to pursue a common-law contract cause of action against Defendant for breach of contract and that they will either seek to amend the Complaint after service of an answer or after the Court issues the instant decision. *See* Affidavit of Burt J. Blustein, Esq. dated July 7, 2008, at ¶ 10. Plaintiffs' counsel also indicates that an amended complaint will remedy any deficiency that this Court finds as well as rectify the Civil Rights Law / Civil Service Law error. *See id*. at ¶¶ 9-10. If Plaintiffs wish to make such amendment, they must do so in a manner consistent with the Federal Rules of Civil Procedure and the Local Rules.

**ORDERS** that this matter is referred to Magistrate Judge Treece for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: June 23, 2009
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge